ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
THOMAS K. BUCK
Assistant United States Attorney
California State Bar #217400
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3989
    Facsimile:  (213) 894-7819
    E-mail:  tom.buck@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKO McCLAREN,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, OFFICER JASON KUPKA, AND DOES 1 through 10, inclusive,<br><br>        Defendant. | Case No: EDCV 13-1176 VAP (DTBx)<br><br>[~~PROPOSED~~]<br>**PROTECTIVE ORDER**<br><br><br><br>The Honorable Virginia A. Phillips |

Pursuant to the Parties' Stipulation for Protective Order and good cause having been shown, IT IS HEREBY ORDERED THAT:

(1) The parties may use documents and records produced by Defendant United States in filings with the Court and in conducting discovery in this case.

(2) The parties may use documents and records produced by Defendant United States in all law and motion proceedings. However, the parties agree that any documents that Defendant United States marks as "Confidential" will be not be filed with the Court unless filed under seal.

(3) Whenever counsel for the Defendant United States believes that a document or record may reveal or has revealed information that may be within the scope of the provisions of the Privacy Act or subject to the law enforcement, military, or national security privilege, counsel for the Defendant United States shall, in writing provided to Plaintiff' counsel, designate the information as subject to the Protective Order by stamping or printing "Confidential" on the front page or face of the document or record or interposing that phrase prior to a discovery response, such as in response to a propounded Interrogatory.   Counsel for Plaintiff and Counsel for Defendant United States shall take all steps reasonably necessary to safeguard the confidentiality of all documents, records, and information marked as "Confidential."   The documents, records and information marked as "Confidential" are to be used solely pursuant to the Protective Order and are to be used solely for the purpose of this litigation and may not be disclosed, in any manner whatsoever, to anyone for any other purpose or reason whatsoever.

(4) The parties shall have the right to use records produced by Defendant United States in all preparations for trial.  Any disclosure of the documents and records or information derived therefrom, except disclosures authorized by the other sections of the Protective Order, shall be conditioned upon the recipient of the documents, records, or information being advised of the terms of the Protective Order and agreeing in writing to comply with its terms, with the understanding that a failure to comply with the Protective Order may result in the imposition of sanctions by this

Court. Such written agreement shall take the following form:

> I, _____, hereby acknowledge that I have read the Protective Order entered on _____, 2013, in Niko McClaren. v. United States, et al., CV 13-1176 VAP(DTx), in the United States District Court for the Central District of California. I hereby agree to be bound by the terms and conditions of the Protective Order, including that the documents, records, and information protected by the Protective Order are to be used solely pursuant to the Protective Order and solely for the purpose of this litigation and that they may not be disclosed, in any manner whatsoever, to anyone for any other purpose or reason whatsoever. I acknowledge that my duties under the Protective Order shall survive the termination of this case and are permanently binding on me and that failure to comply with the Order may result in the imposition of sanctions by the Court.

(5) Nothing herein shall prohibit the parties or counsel from disclosing a document or its contents which constitute or contains information protected under the Protective Order to the person the document identifies as an author or addressee of such document.

(6) Nothing herein shall be construed as precluding Plaintiff or Defendant United States from introducing materials that are subject to the Protective Order, or the contents thereof, into evidence at any trial or court proceeding of this case. However, in the event that any material subject to the Protective Order is used in any trial or court proceeding of this case, it shall not lose its status through such use, and the parties shall take all steps reasonably necessary to protect its confidentiality.

(7) This Protective Order does not constitute a ruling upon any objection to the production of documents, records or information other than an objection based on the Privacy Act of 1974, 5 U.S.C. § 552a. Nothing in this Protective Order shall be construed to preclude the Defendant United States from asserting the law enforcement investigatory privilege, military or national security privilege or any other applicable privilege, or to preclude the Defendant United States from declining to produce

materials or portions of materials where the Defendant United States deems it appropriate.

    IT IS SO ORDERED.

DATED: September 27, 2013

                                      UNITED STATES MAGISTRATE JUDGE